## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.   Case No. 8:01-cr-459-T-30MAP

**BILLY LEE BROOKINS**
_____/

## ORDER

Before the Court is Defendant's Motion for Reduction of Sentence (Dkt. # 35). After due consideration of the motion and the record, the Court concludes that the motion is due to be denied for the following two reasons. First, only the Government is authorized to seek a reduction in a defendant's sentence for substantial assistance under Rule 35(b). See U.S. v. Giltner, 842 F. Supp 1439, 1440 (M.D. Fla. 1994); see also Fed.R.Crim.P. 35(b). Second, the Defendant has already benefitted from a previous Motion for Reduction by the Government. On May 9, 2003 and prior to Defendant's sentencing hearing, the Government filed a Motion for Reduction of Defendant's Sentence (Dkt. #29) recommending a two-level downward adjustment in the defendant's guideline offense level. On May 14, 2003, this Court entered an order granting the Government's Motion for Reduction of Defendant's Sentence (Dkt. # 30) and as a result the Defendant received a two-level downward adjustment. (See Dkts. #31 and 32). If Defendant thought this reduction was insufficient his relief would have been by appeal. Defendant did not appeal. This Court no longer has jurisdiction of that issue. For these reasons, this Court does not need a response from the United States of America.

Defendant raises certain arguments within his Motion for Reduction (Dkt. #35) that may have been appropriate in a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody. However, Defendant's time to file a motion pursuant to § 2255 has expired. The Court has taken a prompt preliminary review of the prior proceedings as required by Rule 4 of the Rules Governing Section §2255 Proceedings for the United States District Courts. After doing so, the Court concludes that even if Defendant meant to file a motion to vacate rather than a motion for reduction, such motion would be summarily denied without an evidentiary hearing because it plainly appears from the record that Defendant's motion would be barred by the applicable one (1) year limitation period mandated by Title 28 U.S.C. § 2255.

Defendant was indicted by a federal grand jury for the offenses of: Count I - possession with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On May 17, 2002, Defendant knowingly and voluntarily pled guilty to Count I.[1] On May 14, 2003, the District Court entered judgment against Defendant[2] and Defendant was sentenced to a term of imprisonment of 130 months as to Count I followed by a term of supervised release.[3] Notably, upon Motion by the United States for Reduction of Defendant's Sentence pursuant to Section 5K1.1 of the United States Sentencing Guidelines, this Court granted a two-level downward adjustment in the Defendant's guideline offense level. Defendant did not file a notice of appeal to

---

[1] See dockets #17, 18 and 22.

[2] See docket #32.

[3] See docket #31.

the Eleventh Circuit Court of Appeals as to the judgment or sentence entered against him in this matter.

Title 28 U.S.C. § 2255 states, in pertinent part:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[4]

Under the circumstances of this case, the 1-year period of limitation began to run upon the expiration of any right to appeal.[5] Defendant's judgment became final upon the entry of judgment against him by this Court on May 14, 2003. Defendant did not file an appeal within 10 days, therefore, his right to appeal to the Eleventh Circuit Court of Appeals expired on May 29, 2003. Consequently, the 1-year statutory limitation period for Defendant to file a Motion to Vacate pursuant to § 2255 expired on May 29, 2004 (one year and 10 days after the date on which Defendant's conviction became final). Consequently, this Court finds that it would be futile for Defendant to file a motion to vacate pursuant to § 2255.

    **ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1)     Defendant's Motion for Reduction of Sentence (Dkt.# 35) is DENIED.

---

[4] See id. 28 U.S.C. § 2255.

[5] The record does not support nor has Defendant pled allegations that would support a later date for the limitation period to begin pursuant to subparagraphs 2, 3, or 4 § 2255.

2)	The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 23, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2001\2001 criminal\01-CR-459 deny mt reduction.wpd